UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KEITA GAYMON,

    Plaintiff,

v.                                                Case No.:   2:23-cv-814-SPC-KCD

SECRETARY, DEPARTMENT OF
CORRECTIONS,

    Defendant.
_____/

## **OPINION AND ORDER**

Before the Court is Petitioner Keita Gaymon's Motion of Postconviction Relief (Doc. 1).  Gaymon was convicted of violating the terms of his probation and is serving a prison sentence in the Florida Department of Corrections. This Court reviews Gaymon's Motion under Rule 4 of the Rules Governing Section 2254 Cases.

It is plain from the Petition that Gaymon is not currently entitled to habeas relief.  The Antiterrorism Effective Death Penalty Act precludes federal courts, absent exceptional circumstances, from granting habeas relief unless a petitioner has exhausted all means of relief available under state law.  Failure to exhaust occurs "when a petitioner has not 'fairly presented' every issue raised in his federal petition to the state's highest court, either on direct appeal

or on collateral review." *Pope v. Sec'y for Dep't. of Corr.*, 680 F.3d 1271, 1284 (11th Cir. 2012) (quoting *Mason v. Allen*, 605 F.3d 1114, 1119 (11th Cir. 2010)).

Gaymon has not exhausted available remedies under state law. His direct appeal is currently pending before Florida's 6th District Court of Appeal as Case No. 2023-3723. Gaymon also has a Motion to Correct Illegal Sentence pending before the Twentieth Judicial Circuit in and for Lee County, Florida. Gaymon must exhaust these state remedies before seeking federal habeas relief.

The Court also notes that Gaymon does not state a cognizable federal habeas claim. Federal courts may entertain a request for a writ of habeas corpus by a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Gaymon alleges the state court violated Florida law regarding his status as a habitual felony offender. He does not state a federal claim. If Gaymon has any federal postconviction claims arising from his conviction, he must exhaust those claims in state court before filing them here.

## DENIAL OF CERTIFICATE OF APPEALABILITY

A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). "A [COA] may issue…only if the applicant has made a substantial showing of the denial

of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (*quoting Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were adequate to deserve encouragement to proceed further," *Miller–El v. Cockrell*, 537 U.S. 322, 335–36 (2003) (citations omitted). Gaymon has not made the requisite showing here and may not have a certificate of appealability on his petition.

Accordingly, it is now

**ORDERED:**

This action is **DISMISSED without prejudice**. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment of dismissal without prejudice, and close this case.

**DONE** and **ORDERED** in Fort Myers, Florida on November 7, 2024.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record